OCHOA, PETITIONER AND APPELLANT, *v.* MANZANO, MUNICIPAL JUDGE, RESPONDENT.

APPEAL from the District Court of Guayama in a Proceeding for Mandamus.

No. 1870.—Decided February 23, 1917.

DISMISSAL OF PROSECUTION—POSTPONEMENT OF TRIAL—GOOD CAUSE.—The real ground for the judgment in the case of *People* v. *Falcastro,* 17 P. R. R. 88, was that there was good cause for the postponement of the trial and that the lower court was justified in refusing to dismiss the prosecution. The record shows that there was really no question involved of a continuance of the trial for more than one hundred and twenty days.

ID.—ID.—JURISDICTION.—The period of one hundred and twenty days fixed in subdivision 2 of section 448 of the Code of Criminal Procedure, within which the accused should be brought to trial, is applicable not only to cases pending before the district courts in original jurisdiction or on appeal, but also to cases pending before the municipal courts. This is the scope of the doctrine laid down in the case of *Dyer* v. *Rossy, District Judge,* 23 P. R. R. 718.

ID.—MANDAMUS—SPEEDY TRIAL.—The right of a superior court to dismiss a prosecution pending in an inferior court depends not only upon the statute, but also upon its inherent right to insure a speedy trial.

CONFLICTING DOCTRINES.—When there is an apparent conflict between doctrines laid down in two decisions of a higher court and the lower court is unable to distinguish between the facts in the two, it is the rule to follow the decision last rendered.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the petitioner.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

From the uncontroverted facts in this case it appears that Aureo Ochoa, petitioner in the District Court of Guayama, was charged in the municipal court of said city with malicious mischief. The complaint there was presented on the 12th day of February, 1916. The trial was set for the 18th of February, 1916. When the petitioner appeared at the trial with his witnesses he found that the case had been postponed at the instance of the *fiscal,* but without notice to the petitioner and without a written or oral motion presented in open court to that effect. This postponement was within the judicial discretion of the trial court and no abuse was shown or suggested. For unexplained reasons the case was only set again for so late a date as the 24th of July, 1916, when the court indefinitely postponed the trial again of its own motion. The only ground alleged was the absence of a witness in the United States. The petitioner avers, among other things, and the averment is also uncontroverted, that there was no motion or petition for the suspension, nor what facts were to be proved by the witness Rovira (thus giving the defendant an opportunity to admit them), nor anything to show that such witness was material or necessary for the trial, nor yet anything to show the date when such witness could be secured. On the 7th of August, 1916, the petitioner made an application in due form to the municipal court for the dismissal of the action, alleging, among other things, that the case had been postponed more than 120 days without just

cause. The court refused to dismiss and did not set the case for another definite period. The petitioner then made this application for a mandamus to the District Court of Guayama. That court, in substance, agreed that the petitioner would have been entitled to his remedy if the case had originated or was being tried before the district court; that the bare absence of a witness in the United States was not just cause, and other well-reasoned considerations, but the district court found itself embarrassed by the apparent conflict between the case of *People* v. *Falcastro,* 17 P. R. R. 88, and *Dyer* v. *Rossy,* 23 P. R. R. 718, and hence the court felt that it was without authority to order a dismissal of the case, but, instead, issued a peremptory writ of mandamus for the municipal court to proceed to trial. The court below determined that the effect of the *Dyer* case was to extend the application of section 448 to cases appealed to the district court and tried *de novo,* but not to cases on trial in a municipal court.

In the consideration of the case of *Dyer* v. *Rossy,* *supra,* the case of Falcastro was not presented to this court, but if it had been, the rule of decision followed by us would have been bound to be the same. This court in the case of Falcastro said:

"As to the third exception taken by defendant's counsel, we must say that we are in accord with the opinion expressed by the district court denying the request of counsel to dismiss the prosecution; because section 448 of the Code of Criminal Procedure, on which he relies to support his motion, is applicable only to cases which are heard before the district courts on informations presented by the *fiscal,* and not to accusations made before municipal courts and carried thence by appeal to the district courts for trials anew.

"Besides, this direction to the trial court for dismissing the prosecution after the lapse of 120 days from the filing of the information, is only in cases where good cause is not shown to the contrary; and such action is left largely to the discretion of the judge, and the exercise thereof will not be revised except in cases where an abuse is shown. (*Manuel Lizardi ex parte* [7 P. R. R. 351], decided August 18, 1904; *People of Porto Rico* v. *Quilichini* [7 P. R. R. 259], decided June 20, 1904.)"

In the case of Falcastro the real ground of decision must be taken to be that there was just cause for the postponement of the case as the opinion finds. The record in the case shows that a postponement for more than 120 days was not really involved. The facts were that a complaint was said to be presented against a defendant in said case some time in August, 1909, but which for some non-apparent reason was not prosecuted to judgment. The complaint on which the sentence was founded bore date January 22, 1910, the case was heard on the 7th of February, 1910, and the judgment rendered on the 19th of that month and year. The case was appealed to the district court and tried in that court on the 10th of March, 1910, and judgment rendered the same day. This was very rapid action so far as the particular complaint in the case was concerned. There is a limit to the postponement of trials and when the Legislature has fixed the limit in the district courts as 120 days, there is all the more reason for making the same period a limit in the municipal court. The right of a higher court to order the dismissal of a case does not depend on the statute alone, but on the inherent right of a court to insure speedy trials. As some of the decisions cited in the Dyer case indicate, it is to the interest of the public that a prosecution should be brought to a close without unjustly molesting a defendant. The reasonable means for suspending a trial are most ample. The reasoning of the Dyer case, if it was applicable in any technical sense to a case on appeal from a municipal court, was equally applicable to a trial in the municipal court itself. If there is any conflict between the case of Falcastro and the case of Dyer, we think we should follow the principles enunciated in the later case. Likewise, as appellant suggests, it is a safer rule for a district court to follow the ultimate pronouncement of the appellate court if the cases in apparent conflict are not easily distinguishable, although, as we have intimated before, we appreciate the embarrassment of the district judge and his efforts to find a just line of distinction. By virtue of the

facts before us, the reasoning and findings of the trial court and the reasoning of the case of *Dyer* v. *Rossy, supra,* the judgment must be reversed and the court required to issue a peremptory writ ordering the dismissal of the prosecution against the defendant.

*Reversed and substituted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.